Judge UNDEiiwo&r,
delivered the opinion of the court.
The plaintiffs in error, as administrators of Philip Read, deceased, entered into a covenant with the defendant, whereby they agreed to pay him certain sums which he had lent “the intestate “so soon as we (they), are able zoith the funds of the estateAs-sets to the value of $>5000, came to the hands of the administrators, the whole of which they paid over, subsequent to the date of this covenant,in discharge of debts of superior dignity. The question is, were they liable upon their covenant to the defendant in error, in an action of covenant instituted thereon against them?
A trial was had upon the plea of covenants performed, with leave to give any matter in evidence which might be pleaded. The circuit court excluded from the jury all evidence shewing that the assets had been fully appropriated in paying debts ofsuperior.dignity, and instructed the jury that the plaintiffs were bound, for the amount of the covenant with interest, so soon as enough of the intestate’s property came to their hands with which they could pay it. The plaintiffs in error excepted, and have brought the case here for revision, the jury having found against them.
We think the court erred in the construction of *517 the covenant. It is true, that the plaintiffs in error were phisically able, with the funds of the estate, to pay the demand; but it seems to us, that the ability to pay, which entered into the contemplation of the parties, had reference, not only to the funds of the estate, but likewise Iheirappropriation according to law. In this view it was necessary that the plaintiffs in error should be able to pay without violating any paramount duty, before they could be guilty of a breach of their covenant. The construction adopted by the court would subject the plaintiffs to liability for a devastavit, and thus bring a loss upon them individually, equal to the amount of the claim. There is no consideration for the covenant, which can sustain it against the plaintiffs under that aspect. They certainly never intended to make themselves personally liable, unless the estate of their intestate was sufficient to indemnify them; and yet the construction which the court has given the covenant, necessarily results in such liability, by driving them to a devasta-vil. Here the doctrines of the case of Lair vs. Miller; II. Littell, 66, apply* Believing as we do, that the plaintiffs in error were not bound by their covenant to pay until they were able to use the funds of the estate for that purpose, consistently with their duty under the law, judgment must be reversed with costs, and the cause remanded, for a new trial to be conducted upon principles in conformity to this opinion.
Hardin and Chapeze, for plaintiffs.